UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KRISTEN DOHERTY,
    Plaintiff

v.                                                          C.A. No.:

LIGHTHOUSE MTG, LLC d/b/a SPYGLASS
MTG, LLC and SPYGLASS SOLUTIONS, INC.,
    Defendants

## COMPLAINT

### I. Introductory Statement

This action is brought by the Plaintiff seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including back pay, as well as compensatory, and exemplary damages to remedy unlawful conduct the Plaintiff suffered in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101, *et seq.*, the Rhode Island Civil Rights of People with Disabilities Act ("CRPD"), R.I.G.L. §42-87-1, *et seq.*, the Rhode Island Fair Employment Practices Act ("FEPA"), R.I.G.L. §28-5-1, *et seq.*, and the Rhode Island Civil Rights Act ("RICRA"), R.I.G.L. §42-112-1, *et seq.*

### II. Parties

1.     The Plaintiff is a resident of the Town of Pawtucket, State of Rhode Island.

2.     Defendant Lighthouse MTG, LLC d/b/a Spyglass MTG, LLC is a limited liability company duly organized pursuant to the laws of the State of Rhode Island with its principal place of business located at 6 Blackstone Valley Place, Suite 205, Lincoln, Rhode Island 02865.

3.     Defendant Spyglass Solutions, Inc. is a corporation duly organized pursuant to the laws of the State of Delaware with its principle place of business located at 6 Blackstone Valley Place, Suite 205, Lincoln, Rhode Island 02865.

4. Defendants Lighthouse MTG, LLC d/b/a Spyglass MTG, LLC and Spyglass Solutions, Inc. are hereinafter referred to collectively as "Spyglass."

### III. Jurisdiction

5. This Court has jurisdiction over the Plaintiff's claims under the ADA pursuant to 42 U.S.C. §12117 and supplemental jurisdiction over the Plaintiff's claims under the CRPD, the FEPA, and the RICRA pursuant to 28 U.S.C. §1367.

### IV. Venue

6. Venue is proper in this Court insofar as a substantial portion of the events or omissions giving rise to the within claim occurred in the State of Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

### V. Exhaustion of Administrative Remedies

7. On or about June 15, 2020, the Plaintiff timely filed a charge of discrimination against Defendant Spyglass with the Rhode Island Commission for Human Rights ("RICHR"), RICHR No. 20 EMD 208-05/23, and the United States Equal Employment Opportunity Commission ("EEOC"), EEOC No. 16J-2020-00161.

8. After June 15, 2020, more than one hundred twenty (120) days, but less than two (2) years after the charge was filed, the Plaintiff requested that the RICHR and the EEOC issue a right to sue letter.

9. On or about November 24, 2020, the Plaintiff was issued a notice of right to sue by the RICHR and has timely instituted suit thereon.

10. On or about December 17, 2020, the Plaintiff was issued a notice of right to sue by the EEOC and has timely instituted suit thereon.

11. The RICHR failed to act upon the Plaintiff's charge of discrimination within sixty (60) days of the filing of the charge and thus the Plaintiff's CRPD claim is properly before this Court pursuant to R.I.G.L. §42-87-4(b).

12. There is no requirement under the RICRA relative to the exhaustion of administrative remedies.

## VI. Material Facts

13. In December, 2019, the Plaintiff was hired by Defendant Spyglass as an Accountant.

14. During all relevant times, the Plaintiff suffered from bipolar disorder and clinical depression.

15. During all relevant time periods, management-level employees at Defendant Spyglass, including, but not limited to, Dori Albert ("Albert"), Defendant's President, were aware that the Plaintiff suffers from disabilities, to wit, bipolar disorder and clinical depression, and/or regarded her as being disabled.

16. During the Plaintiff's employment, Defendant Spyglass employees and/or agents subjected her to discrimination based on her disability(ies) and/or perceived disability(ies).

17. On April 23, 2020, during a scheduled weekly meeting with Ms. Albert, the Plaintiff and Ms. Albert discussed her earned quarterly bonus. Ms. Albert informed the Plaintiff that she was successful with all of her Q1 goals, surpassed expectations, and would be paid 98% of the estimated bonus. The 2% that the Plaintiff did not earn was due to Defendant Spyglass not meeting its overall goals.

18. After discussing the Plaintiff's bonus, Ms. Albert raised issues with the Plaintiff's work performance, specifically, that she believed the company was not "getting 40 hours out of

[her]" and that another management-level employee raised concerns that she needed to be reminded about work tasks that in the past did not need reminding.

19. Ms. Albert then asked the Plaintiff if she wished to discuss anything that may be contributing to her difficulties at work.

20. In response, the Plaintiff told Ms. Albert that she had nothing to discuss at the moment, but that she knew what was contributing to these purported difficulties at work and that she would attempt to address these issues.

21. During and following this conversation with Ms. Albert, the Plaintiff realized that her disability(ies) might be affecting her memory, recall ability, and concentration. The Plaintiff believed that it was in the best interest of Defendant Spyglass and to herself to disclose her disability(ies) to Ms. Albert.

22. On April 24, 2020, the Plaintiff sent Ms. Albert a text message and disclosed that she suffered from bipolar disorder and clinical depression. In this text message, the Plaintiff also informed Ms. Albert that she is able to manage her symptoms, but that her disabilities were exacerbated by the COVID-19 pandemic.

23. In early April, 2020, the Plaintiff worked on the Paycheck Protection Program ("PPP") loan for Defendant Spyglass.

24. On May 6, 2020, Ms. Albert sent the Plaintiff an e-mail with a question regarding the PPP loan. In responding, the Plaintiff could not recall the exact file that Ms. Albert was referring to and she informed Ms. Albert that she did not understand her question.

25. Ms. Albert then called the Plaintiff and was upset that the Plaintiff did not know which file she was referring to in the e-mail. Ms. Albert also sent the Plaintiff another e-mail on

May 6, 2020 stating that she was "very concerned" that she could not recall two (2) conversations about the spreadsheet file.

26. On May 6, 2020, the Plaintiff sought treatment with one of her medical providers due to her disabilities.

27. On May 7, 2020, the Plaintiff sent Ms. Albert an e-mail stating that she was actively treating with her medical providers due to her medical conditions and that she was having "concentration issues."

28. On May 13, 2020, the Plaintiff was terminated from her position at Defendant Spyglass.

29. The purported reason for the Plaintiff's termination was pretext for disability discrimination.

30. Despite her disability(ies), the Plaintiff was still qualified to perform her job with or without a reasonable accommodation.

32. Defendant Spyglass' unlawful and discriminatory actions and/or omissions are in violation of the ADA, the CRPD, the FEPA, and the RICRA and were motivated by malice and ill will toward the Plaintiff, and Defendant Spyglass' actions were taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

33. As a proximate result of Defendant Spyglass' unlawful and/or discriminatory employment practices, including, but not limited to, those described herein, the Plaintiff suffered and will continue to suffer loss of income and employment benefits, including past and future salary, damage to his business and personal reputation, mental and physical anguish, pain and suffering, and other great harm.

## VII. Claims for Relief

34. The Plaintiff incorporates in the counts below the allegations contained in paragraphs 1-33 above.

### Count One
### Unlawful Discrimination—42 U.S.C. §12101, *et seq.*

35. Defendant Spyglass, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his disability and/or perceived disability in violation of the ADA causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the ADA.

### Count Two
### Unlawful Discrimination—R.I.G.L. §42-87-1, *et seq.*

36. Defendant Spyglass, by its acts and/or omissions, including, but not limited to, those described herein, engaged in unlawful discrimination against the Plaintiff in employment on account of his disability or perceived disability in violation of the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the CRPD.

### Count Three
### Unlawful Discrimination—R.I.G.L. §28-5-1, *et seq.*

37. Defendant Spyglass, by its acts and/or omissions, including, but not limited to, those described herein, engaged in unlawful discrimination against the Plaintiff in employment on account of his disability or perceived disability in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the FEPA.

## Count Four
## Unlawful Discrimination—R.I.G.L. §42-112-1, *et seq.*

38. Defendant Spyglass, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his disability or perceived disability in violation of the RICRA, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the RICRA.

### VIII. Prayers for Relief

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1. a declaratory judgment that Defendant Spyglass, in the manner described herein, violated the ADA, the CRPD, the FEPA, and/or the RICRA;

2. enjoining and permanently restraining Defendant Spyglass from violating the ADA, the CRPD, the FEPA, and/or the RICRA;

3. award the Plaintiff back pay, including incremental increases, pension rights and other benefits, plus prejudgment interest thereon;

4. award the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon;

5. award the Plaintiff exemplary damages pursuant to the RICRA;

6. award the Plaintiff punitive damages pursuant to the ADA, the CRPD, and the FEPA;

7. award Plaintiff reasonable attorney's fees and costs of litigation pursuant to the ADA, the CRPD, the FEPA, and/or the RICRA; and,

8. such other and further relief as the Court deems just and proper.

## IX. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## X. Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire, Michael D. Pushee, Esquire, and Jessica A. Roberge, Esquire as trial counsel.

PLAINTIFF,
By her attorneys,
FORMISANO & COMPANY, P.C.

/s/ V. Edward Formisano
V. Edward Formisano (#5512)

/s/ Michael D. Pushee
Michael D. Pushee (#6948)

/s/ Jessica A. Roberge
Jessica A. Roberge (#10179)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691
(401) 944-9695 (facsimile)

## CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 21st day of December, 2020 and is available for viewing and downloading from the ECF system.

/s/ V. Edward Formisano